Hayes & Hayes, Wilmington, for plaintiff.

W. B. Cockrell, Columbus, and J. E. Todd, Columbus, for defendants.

CAHILL v CHANEY et

Ohio Appeals, 1st Dist, Clinton Co

No 96.  Decided May 22, 1933

## OPINION

By ROSS, J.

The purpose of this proceeding is to set aside the deed from the Chaneys to their son, upon the theory that it was a conveyance to defraud creditors, in violation of §11104, GC. The real estate conveyed to the son was in no way involved in the original transaction, and was conveyed before any foreclosure proceeding on such had been commenced. The plaintiff in accepting the property she conveyed to Chaneys as security for the debt now used as a basis for these proceedings manifestly considered herself secured, even though holding a second mortgage thereon.

It is difficult for us to clearly grasp the theory upon which this action is predicated, but as nearly as we can analyze the claim of the plaintiff it is that although the plaintiff was satisfied with her security, the Chaneys were bound to hold any other property they possessed as a further security for the plaintiff in the event that the property she had conveyed to them should develop as an inadequate security. It would seem that the mere statement of these facts would be entirely sufficient to justify denying the relief prayed for. However, we are not without ample authority for our conclusion. We refer to the case of **Carruthers et v Kennedy et, 121 Oh St, 8.**

There is no evidence in the instant case showing that the minor son was a party to any intent to defraud, even if the evidence can be considered as indicating the presence of such intent in the minds of the elder Chaneys.

In view of the security accepted by the plaintiff for the debt now sought to be used as a predicate for this proceeding, having been conveyed to the elder Chaneys as a consideration for the admittedly valuable Clinton County farm consisting in all of some 500 acres, we feel entirely safe in concluding that there could be no intent to defraud, even if the plaintiff is now willing to admit that the property so conveyed to the elder Chaneys was of little value, and, as it developed, wholly inadequate to secure the balance over the value of the farm. The Chaneys were justified in accepting the value placed by the plaintiff upon the property conveyed to them.

It is our conclusion that no fraud has been proved against the elder Chaneys or knowledge of an intent to defraud on the part of their minor son.

The petition will be dismissed. A decree may be entered accordingly.

HAMILTON, PJ, and CUSHING, J, concur.